**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSE CHAVEZ,**

                **Petitioner,**

        v.                              **CASE NO. 09-3042-SAC**

**SAM CLINE, et al.,**

                **Respondents.**


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as time barred, and petitioner's response thereto. Having reviewed the record, the court grants respondents' motion and dismisses the petition.

The Antiterrorism and Effective Death Penalty Act enacted on April 24, 1996, imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1).[1] The running of this one

---

[1] 28 U.S.C. § 2244(d)(1) reads:
"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2).[2]

On April 21, 2000, the Kansas Supreme Court affirmed petitioner's conviction for first degree murder in Sedgwick County District Court Case No. 97-CR-1373. That conviction became final, for purposes of starting the running of the one year limitation period under 28 U.S.C. § 2244(d)(1)(A), upon expiration of the ninety day period allowed for seeking certiorari review in the United States Supreme Court. See Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). The statutory limitation period in 28 U.S.C. § 2244(d)(1) for seeking a writ of habeas corpus under 28 U.S.C. § 2254 expired one year later.

In the present case, petitioner points to his June 26, 2007, filing of a motion in Sedgwick County District Court Case 93-CR-1373 to correct an illegal sentence, K.S.A. 22-3504. The state court summarily denied relief on that motion, a decision the Kansas Supreme Court upheld in an unpublished opinion filed on January 30,

---

      retroactively applicable to cases on collateral review; or
         (D) the date on which the factual predicate of the claim
      or claims presented could have been discovered through the
      exercise of due diligence."

[2]28 U.S.C. § 2244(d)(2) reads:
"The time during which a properly filed application for State post-conviction or other collateral review with respect tot he pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

2009.  Although petitioner argues he is seeking federal habeas corpus relief based on the "condition or his illegal sentence" rather than his conviction, the court finds this distinction affords petitioner no relief from the § 2244(d)(1) limitation period for proceeding in federal court under 28 U.S.C. § 2254.

Clearly, petitioner's recent state court motion to correct an illegal sentence had no statutory tolling effect under 28 U.S.C. § 2244(d)(2) on the already expired limitation period. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002). Nor did the state courts' denial of relief on that motion satisfy any of the statutory provisions in 28 U.S.C. § 2244(d)(1) for starting the running of the one-year limitation period.  Petitioner thus did not file the instant petition within the § 2244(d)(1) limitation period.  Finding no facts or allegations suggesting petitioner is entitled to equitable tolling of limitation period in this case, the court concludes the petition is time barred and should be dismissed.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 6) is granted, and that the petition for a writ of habeas corpus is dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:  This 8th day of May 2009 at Topeka, Kansas.

  s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge

3